Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **TERRY W. GIVENS,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:02CV00214 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **JOEY O'QUINN, ET AL.,** ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendants. ) | |

*Hilary K. Johnson, Abingdon, Virginia, for Plaintiff; Nicholas Compton, Compton & Compton, P.C., Lebanon, Virginia, for Defendants Joey O'Quinn and Michael Mullins.*

I have before me for decision the Motion to Quash Service of Process by defendants Jerry O'Quinn and Michael Mullins, which has been briefed by the parties.[1]

The plaintiff, Terry W. Givens, a correctional officer at Wallens Ridge State Prison, was allegedly assaulted by two co-workers, Michael Mullins and Joey O'Quinn. He filed this action against O'Quinn and Mullins, as well as other employees of the Virginia Department of Corrections, asserting claims under 42

---

[1] No party has made a request for oral argument. In any event, the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

U.S.C.A. § 1983 (West 2003), as well as tort claims under state law. Upon motion, the court dismissed the plaintiff's Second Amended Complaint. The federal claims were dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The state claims were dismissed without prejudice. *See* 28 U.S.C.A. § 1367(c)(3) (West 1993). The plaintiff was granted leave to file a Third Amended Complaint in order to assert a retaliation claim. After the Third Amended Complaint had been filed, it was dismissed for failure to state a claim. *See Givens v. O'Quinn*, No. 2:02CV00214, 2003 WL 22037700, at *1 (W.D. Va. Aug. 29, 2003).

On appeal by the plaintiff, the Fourth Circuit remanded the case for further proceedings on Counts I, II, III, and IV (the federal claims) of the Second Amended Complaint. *Givens v. O'Quinn*, 121 Fed. Appx. 984, 985 (4th Cir. 2005) (unpublished). The dismissal of the retaliation claim was affirmed.[2] *Id.*

After the remand, the plaintiff sought leave to serve defendants O'Quinn and Mullins, which was granted by order entered May 31, 2005. Thereafter, these defendants filed the present Motion to Quash, contending that service on them was invalid because they had been served with the Third Amended Complaint, rather than the Second Amended Complaint. The plaintiff agrees that these defendants were "inadvertently" served with the wrong version of the complaint, but asserts that these

---

[2] The plaintiff did not appeal the dismissal of the state claims. *Id.* at 986 n.2.

defendants have since appeared by counsel and participated in depositions and thus waived any defect in service.

The Motion to Quash will be denied. The Third Amended Complaint contains all of the pertinent facts involving these defendants, in addition to including the dismissed retaliation claim. The fact that it was miscaptioned is an error or defect in the proceedings that does not affect a substantial right of the defendants, and can be disregarded. *See* Fed. R. Civ. P. 61.

For these reasons, it is **ORDERED** as follows:

1. The Motion to Quash is DENIED; and

2. The defendants Joey O'Quinn and Michael Mullins must answer the Second Amended Complaint within ten (10) days of the date of entry of this Order.

                ENTER: November 8, 2005

                /s/ JAMES P. JONES
                Chief United States District Judge