Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **TERRY W. GIVENS,** | ) |
| Plaintiff, | ) Case No. 2:02CV00214 |
| v. | ) **OPINION AND ORDER** |
| **JOEY O'QUINN, ET AL.,** | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendants. | ) |

*Hilary K. Johnson, Abingdon, Virginia, for Plaintiff; Nicholas B. Compton, Compton & Compton, P.C., Lebanon, Virginia, for Defendants Joey O'Quinn and Michael Mullins.*

For the reasons stated, I will grant the request by certain of the defendants to dismiss the plaintiff's pendant state claims as barred by the statute of limitations.

The plaintiff, Terry W. Givens, a correctional officer at Wallens Ridge State Prison, was allegedly assaulted in the early morning hours of December 22, 2000, by two co-workers, Joey O'Quinn and Michael Mullins. He filed this action against O'Quinn and Mullins, as well as other employees of the Virginia Department of Corrections, asserting claims under 42 U.S.C.A. § 1983 (West 2003) (the "Federal Claims"), as well as tort claims under state law, namely intentional or negligent infliction of emotional distress (Count V), assault and battery (Count VI), false

imprisonment (Count VII), and sexual assault (Count VIII) (collectively, the "State Law Claims"). Upon motion, the court dismissed the plaintiff's Second Amended Complaint. The Federal Claims were dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The State Law Claims were dismissed without prejudice. *See* 28 U.S.C.A. § 1367(c)(3) (West 1993) (providing that a district court may decline to exercise supplemental jurisdiction over a state law claim where it has dismissed all claims over which it has original jurisdiction). The plaintiff was granted leave to file a Third Amended Complaint in order to assert a claim based on retaliation (the "Retaliation Claim"). After the Third Amended Complaint had been filed, it was dismissed for failure to state a claim. *See Givens v. O'Quinn*, No. 2:02CV00214, 2003 WL 22037700, at \*1 (W.D. Va. Aug. 29, 2003).

On appeal by the plaintiff, the Fourth Circuit by decision dated March 3, 2005, remanded the case for further proceedings on Counts I, II, III, and IV (the Federal Claims) of the Second Amended Complaint. *Givens v. O'Quinn*, 121 Fed. Appx. 984, 985 (4th Cir. 2005) (unpublished). The dismissal of the Retaliation Claim in the Third Amended Complaint was affirmed. *Id.*

After remand, the plaintiff successfully sought leave to amend his complaint and on December 1, 2005, filed a Fourth Amended Complaint in which the State Law

Claims previously dismissed were re-alleged. Defendants O'Quinn and Mullins answered, raising the affirmative defense of the statute of limitations to those claims. In addition, the defendants filed a "Plea in Bar" to the State Law Claims, raising the same defense. The "Plea in Bar" has been argued and is ripe for decision.

Pleas in bar have been abolished by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 7(c). Nevertheless, it is proper to treat the defendants' pleading as a motion to dismiss for failure to state a claim. *See Davenport v. Deseret Pharm. Co.*, 321 F. Supp. 659, 661 (E.D. Va. 1971) (treating "Plea of the Statute of Limitations" as motion to dismiss). So long as the time bar is apparent from the face of the complaint, as is the case here, raising a statute of limitations as a bar to a plaintiff's cause of action is a defense that may be raised in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir.2005).

The statute of limitations applicable to the State Law Claims is two years. *See* Va. Code Ann. §§ 8.01-243, -248 (Michie 2000). This action was filed on December 17, 2002, five days before the limitations period ran. Pursuant to the federal supplemental jurisdiction statute, the statute of limitations is tolled while a state law

claim is pending "and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C.A. § 1367(d) (West 1993).[1]

Even assuming that the dismissal of the plaintiff's State Law Claims was only final when his appeal was decided, *see Owens v. Hewell*, 474 S.E.2d 740, 742 (Ga. Ct. App. 1996) (holding the period in which to refile a state law claim after it is dismissed under § 1367 runs from the affirmance of the dismissal by the court of appeals), these claims were not brought again until nine months later, far longer than the thirty days allowed.

The plaintiff argues that the State Law Claims were part of his appeal and thus this court's dismissal of them was by necessity reversed and remanded along with the Federal Claims. While it is true that the plaintiff's Notice of Appeal did not limit the appeal to the Federal Claims, the court of appeals reversed and remanded only the Federal Claims.[2] Moreover, in his opinion, Judge Wilkins recognized that the State

---

[1] A Virginia statute provides that "if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period." Va. Code Ann. § 8.01-229(E)(1) (Michie Supp. 2005). It thus appears that a longer tolling period is not provided by state law and § 1367(d) applies.

[2] Each member of the panel of the court of appeals wrote a separate opinion following a brief per curiam opinion. Judge Luttig voted to reverse the dismissal of the Federal Claims, but to affirm as to the Retaliation Claim; Judge Wilkins voted to affirm the dismissal of both the Federal Claims and the Retaliation Claim; and Judge Gregory voted to reverse the dismissal of both claims. The per curiam opinion of the court stated only that

- 4 -

Law Claims had been dismissed pursuant to § 1367(c)(3), but that "Givens does not appeal this aspect of the order of the district court." 121 Fed. Appx. at 986 n.2.

Judge Wilkins' statement is a strong indication that the court of appeals acted intentionally when it did not reverse the dismissal of the State Law Claims. In any event, any omission by that court in its decision should have been brought to its attention. The so-called mandate rule forecloses relitigation of issues decided on appeal, and as a corollary, a district court "cannot reconsider issues the parties failed to raise on appeal." *S. Atl. Ltd. P'ship of Tenn. v. Riese*, 356 F.3d 576, 584 (4th Cir. 2004).

For these reasons, I find that the statute of limitations bars the State Claims. The Plea in Bar filed by defendants O'Quinn and Mullins, treated as a Motion to Dismiss, is GRANTED and Counts V, VI, VII, and VIII of the Fourth Amended Complaint are dismissed.[3]

---

> The judgment of the district court is affirmed in part and reversed in part. The dismissal of counts I, II, III, and IV of the second amended complaint is reversed, and those claims are remanded to the district court for further proceedings. The dismissal of the retaliation claim set forth in the third amended complaint is affirmed.
>
> This constitutes the opinion of the court.

121 Fed. Appx. at 985.

[3] Certain other defendants were granted summary judgment by order entered January 28, 2006. The plaintiff has filed a Notice of Appeal as to that order. Normally, the filing of

ENTER: February 20, 2006

/s/ JAMES P. JONES
Chief United States District Judge

---

a notice of appeal removes the jurisdiction of the district court, but the plaintiff's Notice of Appeal here was premature, since no final judgment has been entered in this case. *See* Fed. R. Civ. P. 54(b); *Baird v. Palmer*, 114 F.3d 39, 42-43 (4th Cir. 1997) (holding that an order of dismissal of less than all claims in § 1983 action is not appealable by the plaintiff and court of appeals lacks jurisdiction). Where the appeal is clearly defective, as here, the district court may proceed. *See* Allan Ides, *The Authority of a Federal District Court to Proceed After a Notice of Appeal Has Been Filed*, 143 F.R.D. 307, 310-13 (1992). In the present case, the Federal Claims remain pending against defendants O'Quinn and Mullins and a supervisory liability claim under § 1983 remains pending against defendant Charles Janeway. None of the State Claims were asserted against Janeway.